**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.E.R.T., <br><br> Petitioner, <br><br> v. <br><br> MINGA WOFFORD, Mesa Verde ICE Processing Center Facility Administrator; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | No. 1:25-cv-01824-KES-SKO (HC) <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Doc. 2 |

## **BACKGROUND**

Petitioner A.E.R.T. is an 18-year-old noncitizen who entered the United States in 2021 without inspection. Doc. 1-1, A.E.R.T. Decl. at ¶ 1. Since his arrival, he has worked toward completing his high school education, has become the father of a U.S. citizen child, and has worked to support his child and the child's mother. Doc. 1 at ¶ 3; Doc. 1-1, A.E.R.T. Decl. at ¶¶ 6–7. He has been granted Special Immigrant Juvenile Status and employment authorization. *Id.* ¶ 5; Doc. 1-3, Ex. 1; Doc 1-6, Ex. 4. He does not have a criminal record. Doc. 1 at ¶¶ 4, 27, 39.

1       On August 15, 2025, Immigration and Customs Enforcement ("ICE") agents arrested
2  petitioner without a warrant while he was travelling to the beach with his son. Doc. 1-1, A.E.R.T.
3  Decl. at ¶ 10.  He has since been detained at Mesa Verde Detention Center in Bakersfield,
4  California.  *Id.* ¶ 12.

5       Several months before his detention, the Department of Homeland Security ("DHS")
6  issued a policy which provides that noncitizens who entered the United States without admission
7  or parole are "applicants for admission" and therefore subject to 8 U.S.C. § 1225(b), a statutory
8  provision which mandates detention.  Doc. 1 at ¶ 4.  In *Matter of Yajure Hurtado*, 29 I&N Dec.
9  216 (BIA 2025), the Board of Immigration Appeals agreed with DHS's new reading of the
10 statute.  *Id.*  On September 29, 2025, an immigration judge found that petitioner was subject to
11 section 1225(b)(2)(A) and was therefore ineligible for release on bond.  Doc. 1 at ¶ 4.

12      On December 11, 2025, petitioner filed a petition for writ of habeas corpus, Doc. 1, and a
13 motion for temporary restraining order, Doc. 2, arguing that the immigration judge erred in
14 concluding that he was detained under 8 U.S.C. § 1225(b)(2)(A) as that statute does not apply to
15 him.  Petitioner requests that the Court order his release or order respondents to provide him with
16 a bond hearing under 8 U.S.C. § 1226(a).  *See id.* at 24.  The Court ordered respondents to show
17 cause why the Court should not grant the petition, and specifically directed respondents to address
18 whether any provisions of law or fact in this case would substantively distinguish it from *J.A.C.P.*
19 *v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025),
20 and other similar cases previously decided by this Court, or indicate the matter is not
21 substantively distinguishable.  Doc. 7.  Respondents filed a response to the order to show cause
22 on December 16, 2025.  Doc. 8.  Respondents maintain their position that petitioner is subject to 8
23 U.S.C. § 1225(b)(2)(A) but state that they "do not believe that these cases are substantively
24 distinguishable from the instant case."  *Id.*

25                              **DISCUSSION**

26      As noted in the Court's order to show cause, this Court has previously addressed the legal
27 issues raised by petitioner's claim in cases such as *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-
28 SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, No. 1:25-CV-

01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025). Respondents note in their response to the order to show cause that the present case is not substantively distinguishable from those cases, and respondents do not identify any distinguishing facts or legal arguments for the Court to address. *See* Doc. 8 at 2 n.1.

Therefore, for the reasons stated in *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *2–7 (E.D. Cal. Oct. 27, 2025), the Court finds that 8 U.S.C. § 1225(b)(2)(A) does not apply to petitioner, and that respondents' detention of petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful and did not comply with due process. When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226(a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a). Petitioner's immediate release is the appropriate remedy. *See J.A.C.P. v. Wofford*, 2025 WL 3013328, at *8.[1]

///
///
///
///
///
///
///
///
///

---

[1] *See also Chogllo Chafla v. Scott*, No. 2:25-CV-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 22, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."). "Section 1226(a) plainly states: '*On a warrant issued by the Attorney General*, a [noncitizen] may be arrested and detained . . . .'" *Id.* (quoting 8 U.S.C. § 1226(a)). "As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* "To put it simply, [petitioner's] detention[ ] [is] improper because there is no evidence in the record that [he was] arrested pursuant to a warrant." *Id.* "Since the Government did not comply with the plain language of section 1226(a), [petitioner's] immediate release is justified." *Id.*; *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479-SDN, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (reaching same conclusion).

**ORDER**

Based upon the foregoing:

1. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

2. Respondents are ORDERED to release petitioner immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 16, 2025

UNITED STATES DISTRICT JUDGE

4